United States District Court
Southern District of Texas

**ENTERED**

July 06, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EUGENE DIXON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-03716 |
| | § | |
| MAZDA FINANCIAL SERVICES, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Pending before me is a Motion for Summary Judgment filed by Mazda Financial Services, Inc. ("Mazda Financial"). *See* Dkt. 18. After carefully reviewing the parties' briefing, the summary judgment record, and the applicable law, I conclude that the motion should be **GRANTED**.

## BACKGROUND

In his Amended Complaint, Plaintiff Eugene Dixon ("Dixon"), acting *pro se*, alleges that he "entered a Consumer Credit Sale" with Mazda Financial for the purchase of a vehicle. Dkt. 11 at 1. Dixon complains that Mazda Financial "sent a third party to [his] residence to unlawfully repossess/steal [his] vehicle." *Id.* at 3. He also contends that Mazda Financial "bombard[ed him] with emails, and negative information on [his] consumer report with attempts to collect a debt payment, despite the clear communication of the cease and desist." *Id.* As a result of his dealings with Mazda Financial, Dixon alleges four causes of action: (Count 1) Abusive Collection Practices in violation of the Fair Debt Collection Practices Act ("FDCPA"); (Count 2) Failure to Disclose Right of Rescission in violation of the Truth in Lending Act ("TILA"); (Count 3) Failure to Disclose the Finance Charge in violation of the TILA; and (Count 4) Violation of the Fair Credit Reporting Act ("FCRA"). *See id.* at 5–6.

Mazda Financial has filed a motion for summary judgment, but that motion only addresses the first three counts advanced in the Amended Complaint. The motion is silent when it comes to Count 4, the claim for alleged violations of the FCRA.

In support of its motion for summary judgment, Mazda Financial has submitted an affidavit from Marc A. Murrin, Mazda's Functional Support National Manager. *See* Dkt. 18-1. Murrin attaches to his affidavit a true and correct copy of the April 22, 2020 Motor Vehicle Retail Installment Contract between Dixon and Jeff Haas Mazda (the "Contract"). *See id.* at 5–8. Murrin states under oath that "[s]hortly after execution, the Contract was assigned by Jeff Haas Mazda to Mazda Financial. From the date of assignment until now, Mazda Financial has been the owner and holder of the Contract." *Id.* at 1.[1]

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (cleaned up).

"A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotations omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be

---

[1] Dixon objects to the Murrin affidavit on two grounds: (1) "hearsay"; and (2) because Murrin fails to provide a copy of the contract "proving transfer of ownership" of the debt from Jeff Haas Mazda to Mazda Financial. Dkt. 20 at 1. These objections are overruled. The Murrin affidavit does not contain hearsay. Also, there is no obligation on Murrin's part to attach documents supporting his statements made to the affidavit.

believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (cleaned up).

## ANALYSIS

I will walk through each cause of action identified in Dixon's Amended Complaint.

### A.     COUNT 1: ABUSIVE COLLECTION PRACTICES IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors . . . and to . . . protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits conduct designed to "harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* § 1692d. It also prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e.

Dixon alleges that Mazda Financial is subject to civil liability under the FDCPA for "conduct the natural consequence of which is to harass, oppress, or abuse consumers," including "placing telephone calls without meaningful disclosure of the caller's identity." Dkt. 11 at 5.

In response to these allegations, Mazda Financial argues that even assuming its conduct was harassing, oppressive, or abusive, the FDCPA does not apply here because Mazda Financial was not a "debt collector." It is well-settled that the prohibitions of the FDCPA apply only to "debt collectors," not creditors. *See Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). The FDCPA defines a "debt collector" as one who collects or attempts to collect debts owed or asserted to be owed to another. *See* 15 U.S.C. § 1692a(6). "A creditor, on the other hand, is a person [or entity] to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135–36 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718 (2017). Accordingly, creditors, like Mazda Financial, who collect debts in their own name, are not subject to the FDCPA since

they are not acting as a debt collector. *See Bacon v. Sw. Airlines Co.*, No. CIV.A.3:97-CV-2211-L, 1999 WL 134569, at *2 (N.D. Tex. Mar. 5, 1999) (finding that "American Express cannot be a debt collector under the FDCPA" because "the FDCPA specifically excludes creditors who, while using their own names, attempt direct collection of debts owed to them"). Consequently, Dixon's FDCPA cause of action fails as a matter of law.

### B.   COUNT 2: FAILURE TO DISCLOSE RIGHT OF RESCISSION IN VIOLATION OF THE TRUTH IN LENDING ACT

Dixon's Count 2 reads as follows: "Defendant failed to clearly and conspicuously disclose or notify me of my right of rescission pursuant to 15 U.S. Code 1635. After exercising my right of rescission, defendant failed to return any money, property, or down payment within 20 days of notice." Dkt. 11 at 5.

Dixon references 15 U.S.C. § 1635, which is a TILA provision titled "Right of rescission as to certain transactions." The right of rescission provided for under the TILA *only* applies to a "consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). Importantly, § 1635 "provides no right of rescission where a security interest is taken in an automobile." *Hudson v. Scharf*, No. C21-5827JLR, 2022 WL 1227111, at *2 (W.D. Wash. Apr. 25, 2022). *See also Hardaway v. Toyota Fin. Servs.*, No. 4:21-CV-194-KPJ, 2022 WL 317758, at *3 (E.D. Tex. Feb. 2, 2022) ("Plaintiff has not alleged facts showing that the TILA right to re[s]cission applies to Plaintiff's purchase of the Vehicle."); *Walker v. U.S. Bank*, No. 3:21-CV-0758-L, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021) (dismissing the plaintiff's TILA claim because the TILA rescission provisions did not apply to the plaintiff's "purchase of a Chevrolet Silverado, a vehicle which does not qualify as a 'principal dwelling'"). Count 2 thus fails as a legal matter.

4

**C.     COUNT 3: FAILURE TO DISCLOSE THE FINANCE CHARGE IN VIOLATION OF THE TRUTH IN LENDING ACT**

In Count 3 of the Amended Complaint, Dixon alleges that Mazda Financial "failed to clearly disclose [his] finance charge as the sum of all charges," as required by the TILA. Dkt. 11 at 6.

The TILA is a strict-liability statute that requires a lender in a commercial credit transaction to disclose certain terms and conditions of the transaction to a borrower prior to consummating the loan. *See* 15 U.S.C. § 1601 *et seq.* The TILA's purpose is to promote the "informed use of credit . . . [and] an awareness of the cost thereof by consumers" by "assur[ing] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." *Id.* § 1601(a).

Under the authority of the TILA, the Federal Reserve Board has promulgated rules to implement the statute. *See* 15 U.S.C. § 1604(a). These rules, found at 12 C.F.R. § 226 *et seq.*, are commonly known as "Regulation Z." Together, the TILA and Regulation Z require lenders to make a series of material disclosures to borrowers involved in transactions that do not involve a continuing line of credit, such as the automobile transaction involved here. *See* 15 U.S.C. § 1638 (listing required disclosures); 12 C.F.R. § 226.18 (listing required disclosures). To comply with its TILA duties, a creditor must disclose: its name, the amount financed, the itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, the total of payments, and the total sales price. *See id.* Dixon contends that Mazda Financial violated the TILA by failing to "clearly disclose [his] finance charge." Dkt. 11 at 6. The obvious problem with this argument is that the Contract conspicuously provides all the information, including the finance charge, that the TILA and Regulation Z require be disclosed. *See* Dkt. 18-1 at 5−8.

In accordance with the TILA and Regulation Z, the name of the seller/creditor is conspicuously disclosed at the top of the Contract for all to see.

The Contract also includes a box labeled "FEDERAL TRUTH-IN-LENDING DISCLOSURES," which provides as follows:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1000.00 |
| 10.62 % | $ 5222.28 | $ 14649.00 | $ 19871.28 | $ 20871.28 |

| Your Payment Schedule Will Be: | | |
|---|---|---|
| Number of Payments | Amount of Payments | When Payments Are Due |
| 72 | 275.99 | Monthly beginning 05/22/2020 |
| N/A | N/A | N/A |
| Or as follows   N/A | | |

Late Charge: If we do not receive your entire payment within __15_ days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of _5%_ of the scheduled payment.
Prepayment. If you pay early, you will not have to pay a penalty.
Security Interest. We will have a security interest in the vehicle being purchased.
Additional Information: See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

*Id.* at 5. The information provided in this box unquestionably satisfies Mazda Financial's disclosure obligations under the TILA and Regulation Z.

In sum, Mazda Financial has fully complied with its disclosure obligations under the TILA. There is no genuine issue of material fact. Dixon's TILA claim fails as a matter of law.

**D.     COUNT 4: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

Dixon's final cause of action is for an alleged violation of the FCRA. He claims that Mazda Financial illegally furnished certain personal information to credit reporting agencies. Mazda Financial has not moved for summary judgment on this claim. As a result, Dixon's FCRA claim remains part of this ongoing lawsuit.

## CONCLUSION

For the reasons identified in this Memorandum and Opinion, Mazda Financial's Motion for Summary Judgment (Dkt. 18) is **GRANTED**. Counts 1–3 are dismissed as a matter of law. Count 4 is the only cause of action that remains alive and pending.

SIGNED this 6th day of July 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE