**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EUGENE DIXON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-03716 |
| | § | |
| MAZDA FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Mazda Financial Services, Inc. ("Mazda Financial") has filed a Motion for Summary Judgment with Respect to Count Four of Plaintiff's Amended Complaint. *See* Dkt. 24. For the reasons that follow, I **GRANT** the motion.

## BACKGROUND

In his Amended Complaint, Plaintiff Eugene Dixon ("Dixon"), proceeding *pro se*, alleges that he "entered a Consumer Credit Sale" with Mazda Financial for the purchase of a vehicle. Dkt. 11 at 1. Dixon complains that Mazda Financial "sent a third party to [his] residence to unlawfully repossess/steal [his] vehicle." *Id.* at 3. He also contends that Mazda Financial "bombard[ed him] with emails, and negative information on [his] consumer report with attempts to collect a debt payment, despite the clear communication of the cease and desist." *Id.* As a result of his dealings with Mazda Financial, Dixon alleged four causes of action: (Count 1) Abusive Collection Practices in violation of the Fair Debt Collection Practices Act; (Count 2) Failure to Disclose Right of Rescission in violation of the Truth in Lending Act ("TILA"); (Count 3) Failure to Disclose the Finance Charge in violation of the TILA; and (Count 4) Violation of the Fair Credit Reporting Act ("FCRA"). *See id.* at 5–6. Mazda Financial previously moved for summary judgment on Counts 1-3, and I granted that motion. *See* Dkt. 22. The only remaining cause of

action is Count 4, the claim for alleged violations of the FCRA. Mazda Financial has now filed a motion for summary judgment on the FCRA claim.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A movant who does not bear the burden of persuasion at trial can satisfy its initial burden on summary judgment by pointing to the nonmovant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries that initial burden, the burden shifts to the party opposing the motion to demonstrate the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586–87. "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [his] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (quotation omitted); *see also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

## ANALYSIS

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing 15 U.S.C. § 1681). To achieve this purpose, the FCRA imposes duties on consumer reporting agencies and furnishers of credit information. "A 'furnisher' of credit information

is one who provides credit information to consumer reporting agencies." *Alam v. Sky Recovery Servs., Ltd.*, No. H-08-2377, 2009 WL 693170, at *3 (S.D. Tex. Mar. 13, 2009). In this case, Dixon specifically alleges that Mazda Financial is a furnisher of credit information to the consumer reporting agencies. *See* Dkt. 11 at 4 (alleging that Mazda Financial furnishes personal information to credit reporting agencies).

The FCRA sets forth the responsibilities of furnishers of information to credit reporting agencies under subsections (a) and (b) of 15 U.S.C. § 1681s-2. Subsection (a) imposes a duty on furnishers of information to provide accurate information to a consumer reporting agency. *See id.* § 1681s-2(a). Subsection (b) sets forth the duties of furnishers of information once a consumer reporting agency gives the furnisher notice of a consumer's dispute over the completeness or accuracy of information provided by the furnisher to the consumer reporting agency. *See id.* § 1681s-2(b).

To the extent Dixon brings a claim under subsection (a), such a claim fails because the FCRA expressly precludes a private right of action against a furnisher for failing to provide accurate information as required by § 1681s-2(a). *See id.* § 1681s-2(c)(1); *Burress v. Chase Card*, No. 3:19-CV-01198, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) ("[N]o private cause of action exists under § 1681s-2(a)."). This does not mean that § 1681s-2(a) lacks any true bite. Rather, the FCRA specifically provides that a violation of § 1681s-2(a) "shall be enforced exclusively" by certain federal agencies, and federal and state officials. 15 U.S.C. § 1681s-2(d).

Turning to subsection (b), the FCRA provides that a furnisher, like Mazda Financial, is obligated upon receiving a dispute of accuracy from a credit reporting agency to conduct a reasonable investigation of the dispute, report its results to the credit reporting agency, and modify or delete incorrect information. *See id.* § 1681s-2(b)(1). Given this statutory directive, a plaintiff bringing an FCRA claim against a furnisher under § 1681s-2(b) must establish that "(1) he disputed the accuracy or completeness of information with a consumer reporting agency;

3

(2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014). Dixon has presented no summary judgment evidence creating a genuine issue of material fact on even one of these elements. In support of its motion for summary judgment, Mazda Financial has submitted an affidavit from Marc A. Murrin, Mazda's Functional Support National Manager. *See* Dkt. 24-1. Murrin states that "Mazda Financial received four (4) automated credit dispute verification ("ACDV") requests from credit reporting agencies concerning . . . Dixon's account," and "that Mazda Financial conducted a reasonable investigation for each of the four ACDVs." *Id.* at 2. Mazda Financial's investigation, according to Murrin, determined that all information Mazda Financial reported to the credit reporting agencies concerning Dixon was accurate. *See id.* Because Dixon "fails to properly address" this assertion of fact by Mazda Financial, I "consider the fact undisputed," FED. R. CIV. P. 56(e)(2), and the third element of Dixon's § 1681s-2(b) claim conclusively negated. Summary judgment is thus appropriate on the § 1681s-2(b) claim.

      Before concluding, I do want to address one additional issue. In Count 4 of the Amended Complaint, Dixon references 15 U.S.C. § 1681b, suggesting that Mazda Financial has violated that statutory provision. Section 1681b permits "any consumer reporting agency" to "furnish a consumer report . . . [i]n accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2). A "consumer reporting agency" is any person who "regularly engages in . . . assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." *Id.* § 1681a(f). As noted above, Mazda Financial is a furnisher of credit information to the consumer reporting agencies. Mazda Financial is <u>not</u> a consumer reporting agency within the meaning of the statute. Because § 1681b applies only to consumer reporting

agencies, Mazda Financial cannot be held liable under this statutory provision. Any purported § 1681b claim thus fails as a matter of law.

## CONCLUSION

For the reasons identified in this Memorandum Opinion and Order, Mazda Financial's Motion for Summary Judgment with Respect to Count Four of Plaintiff's Amended Complaint (*see* Dkt. 24) is **GRANTED**. Count 4 is dismissed. There are no causes of action against Mazda Financial remaining. I will enter a separate final judgment.

SIGNED this 27th day of December 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE